FILED
 2012 Mar-28  PM 04:51
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LOUISA PETTWAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:12-CV-207-VEH |
| | ) |
| **KRISPY KREME,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.    Introduction and Procedural History**

On January 19, 2012, Plaintiff Louisa Pettway ("Ms. Pettway"), who is proceeding *pro se*, filed an Application Under Section 706(f) of the Civil Rights Act of 1964 (Doc. 1) (the "Application") against her former employer, Krispy Kreme. (*See generally* Doc. 1).  On January 24, 2012, the court allowed Ms. Pettway to proceed with litigating her Application against Krispy Kreme, but also ordered her to file a pleading with the court that complied with the Federal Rules of Civil Procedure and clarified the scope of her claims asserted against Krispy Kreme.

More specifically, as the court explained in this order:

> Having ruled upon Ms. Pettway's specific requests, the court now addresses the adequacy of her Application and her ability to proceed in federal court.  Ms. Pettway's Application does not describe the nature of

the discrimination that she is alleging against Krispy Kreme. (Doc. 1 at 4-5). Based upon the charge of discrimination that is attached to Ms. Pettway's Application, it appears that she is asserting a disability discriminatory discharge claim and that this court may appropriately exercise subject matter jurisdiction over this controversy. (Doc. 1 at 11 (describing particulars of claim)).

However, merely relying upon the allegations contained in her charge of discrimination to serve as her complaint is inadequate under the Federal Rules of Civil Procedure. Instead, Ms. Pettway must tell the court in a pleading, exactly what <u>facts</u> she is referring to in order for the court to be in a position to fully evaluate the sufficiency of her purported claims and for the defendant to respond to it. Accordingly, Ms. Pettway is **GRANTED** until Friday, February 24, 2012, to replead her claims consistent with this court's jurisdictional and procedural form requirements. The new filing must be labeled "Complaint" and "2:12-CV-00207-VEH" must be written on the first page of the document.

As further guidance to on how to replead, in her Application, Ms. Pettway has failed to set forth her claims separately or to adequately identify any comparators (*e.g.*, such as specifically naming any non-disabled probationary employees who, unlike Ms. Pettway, retained their positions and never were (allegedly) discharged despite purportedly having a cash drawer shortage). While Ms. Pettway has identified (in her charge) an employee named "Maxima" who "walked off the job on Saturday during this same time period and was allowed to return to work[,]" Ms. Pettway does not clarify whether "Maxima" was a probationary employee and, regardless, the infractions involved are dissimilar in nature.

Additionally, within the Complaint, Ms. Pettway should identify, <u>in separately numbered paragraphs</u>, the statute, code, rule of law, or other means by which she contends that this court has subject matter jurisdiction, personal jurisdiction, and venue, over this matter. Also, Ms. Pettway should state, <u>in separately numbered paragraphs</u>, the specific rules or laws she believes that Krispy Kreme has violated, **the facts that**

**support her belief that Krispy Kreme discriminated against her on the basis of disability**, and the relief she seeks as to each particular claim.

The Complaint must include all of Ms. Pettway's claims in this action; **IT SHOULD NOT REFER BACK TO THE ORIGINAL APPLICATION**. Ms. Pettway is **HEREBY ADVISED** that, although the court will seriously consider each and every count she sets forth in her Complaint, it will consider **only** the claim or claims which she includes in that particular pleading.

**The failure of Ms. Pettway to adequately replead her allegations by Friday, February 24, 2012, as set forth above may result in an order dismissing this case without prejudice for want of prosecution. Fed. R. Civ. P. 41(b).** Specifically, because the dismissal would be entered "without prejudice" by the court, Ms. Pettway's right, if any, to sue in state or federal court would not be barred by such a dismissal.

(Doc. 2 at 2-4).

On February 21, 2012, Ms. Pettway requested an extension of time in which to find an attorney. (Doc. 5). The court granted Ms. Pettway's request on February 23, 2012, and gave her until March 23, 2012, to replead her claims. (Doc. 6). The electronic docket sheet indicates that Ms. Pettway received this order from the clerk's office via certified mail on February 24, 2012. (*See* CM/ECF entry dated Feb. 28, 2012 ("Staff notes - Green card that was sent with order received and dated 2/24/12.")).

The court again warned Ms. Pettway in its February order that a failure to timely

3

restate her claims as required could result in the dismissal of her lawsuit without prejudice. (Doc. 6). This second repleading deadline now has passed, and Ms. Pettway has neither sought an additional extension nor filed an amended pleading.

## II.     Standard

Even in the absence of a pending motion, a district court has the inherent power to dismiss an action on the basis of a plaintiff's failure to prosecute or otherwise comply with its orders. As the United States Supreme Court has clarified this long-standing principle:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in *Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176, 3 S. Ct. 570, 28 L. Ed. 109. It also has the sanction of wide usage among the District Courts. It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (footnotes omitted).

## III.    Analysis

Here, the court gave Ms. Pettway express prior warning that a failure to replead her claims could result in a dismissal of her case without prejudice. Additionally, the

court granted Ms. Pettway's request for more time and provided her with a second admonition that her case could be dismissed if she neglected to timely comply with the repleading requirement.

Despite these multiple warnings, Ms. Pettway has failed to adhere to the extended repleading deadline of March 23, 2012, and has not attempted to seek more time with or explain her non-compliance to the court. Accordingly, a *sua sponte* dismissal of Ms. Pettway's case is appropriate. *See Link*, 370 U.S. at 630, 82 S. Ct. at 1388-89 (acknowledging power of courts "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *cf. Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

## IV. Conclusion

Consistent with the above analysis, the court will enter a separate order dismissing Ms. Pettway's case without prejudice for her failure to prosecute.

**DONE** and **ORDERED** this the 28th day of March, 2012.

                                                                  _____
                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                  United States District Judge